WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Charles Snow, Jr., | CIV 11-1023-PHX-GMS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

    Petitioner Larry Charles Snow, Jr., who is confined in the Arizona State Prison Complex-Eyman, Cook Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer on September 8, 2011 (Doc. 13), and Petitioner filed a Traverse on October 3, 2011 (Doc. 14).

## BACKGROUND

    On February 26, 2004, FBI agents contacted detectives at the Phoenix Police Department to inform them that Petitioner, a Phoenix resident, had been using Internet chat rooms to send explicit messages to the United Kingdom. (Doc. 13, Exhs. A, B.) In these messages, Petitioner spoke about molesting his 6-year-old stepdaughter, C.S., and offered to share her with other men. (Doc. 13, Exhs. A, B.) As a result, authorities removed C.S. from her home. (Doc. 13, Exhs. A, B.) In a forensic interview following her removal, C.S. disclosed that Petitioner had touched and licked her vaginal area. (Doc. 13, Exhs. A, B.) She described several occasions while home alone with Petitioner when he used Vaseline, and

then put his finger and penis in her anus and vagina. (Doc. 13, Exhs. A, B.) She said Petitioner told her that he was "trying to make her hole bigger." (Doc. 13, Exhs. A, B.) C.S. also said that Petitioner put a toothbrush and blue "dildo" into her vagina. (Doc. 13, Exhs. A, B.) She told the interviewer that Petitioner had her place her mouth over his penis, and disclosed that Petitioner showed her pictures on the computer of "other little people who were touching on the vagina." (Doc. 13, Exhs. A, B.)

During a confrontation call between Petitioner and C.S.'s mother, Petitioner admitted to sexually abusing C.S. (Doc. 13, Exhs. A, B.) Specifically, he told C.S.'s mother that he had licked and touched C.S.'s vagina, used Vaseline, and put his finger inside her anus. (Doc. 13, Exhs. A, B.)

On March 10, 2004, Petitioner was indicted in the Maricopa County Superior Court on eight counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children; one count of molestation of a child, a class 2 felony and dangerous crime against children; two counts of sexual abuse, class 3 felonies and dangerous crimes against children; one count of furnishing obscene or harmful items to minors, a class 4 felony; and seven counts of solicitation to commit sexual conduct with a minor, class 4 felonies. (Doc. 13, Exh. B.)

On May 6, 2004, Petitioner pled guilty to two amended counts of attempted sexual conduct with a minor under the age of 15, class 3 felonies and dangerous crimes against children in the second degree (Counts 4 & 7); and one count of sexual conduct with a minor under the age of 15, a class 2 felony and dangerous crime against children in the first degree (Count 5). (Doc. 13, Exhs. C, D.) The plea agreement provided that Petitioner would be sentenced to a combined term of imprisonment between 21 and 39 years, to be followed by lifetime probation with sex offender terms. (Doc. 13, Exh. D.)

On February 11, 2005, the trial court sentenced Petitioner to a term of 20 years' imprisonment on Count 5, to be served consecutively to a term of 10 years' imprisonment on Count 4. (Doc. 13, Exh. F.) The trial court granted Petitioner credit for 347 days of

1   presentence incarceration on Count 4, and ordered Petitioner to serve a term of 99 years'
2   probation following his absolute discharge from prison. (Doc. 13, Exh. F.)

3   On February 16, 2005, Petitioner commenced his first post-conviction relief
4   proceeding by filing a timely PCR notice. (Doc. 13, Exh. G.) Appointed counsel, however,
5   notified the state court that he had reviewed the record and found no colorable claim for post-
6   conviction relief. (Doc. 13, Exh. H.) The state court then granted Petitioner an extension of
7   time to file a *pro per* PCR petition. (Doc. 13, Exh. I.) On October 11, 2005, Petitioner filed
8   his *pro per* PCR petition, asserting the following violations: (1) the State failed to disclose
9   its informant; (2) Petitioner entered into his guilty plea involuntarily; (3) counsel was
10  ineffective during plea negotiations because she failed to object to the State's discovery
11  violations, have a risk assessment completed prior to the change of plea hearing, and extend
12  the plea deadline; (4) counsel was ineffective at sentencing because she failed to object to
13  the State's use of the internet chat logs that were "withheld from the defense," cross-examine
14  the State's witness during the aggravation phase, and raise several basic points in mitigation;
15  and (5) the trial court aggravated his sentence in violation of Blakely v. Washington, 542
16  U.S. 296 (2004), and counsel was ineffective for failing to point this out. (Doc. 13, Exh. J.)
17  The state court dismissed Petitioner's PCR petition on December 20, 2005, finding that he
18  had failed to raise any colorable claim for relief. (Doc. 13, Exh. M.)

19  On January 20, 2006, Petitioner filed a timely petition for review in the Arizona Court
20  of Appeals. (Doc. 13, Exh. N.) In his petition, he again asserted discovery violations,
21  ineffective assistance of counsel, and Blakely violations. (Doc. 13, Exh. N.) The Court of
22  Appeals denied review of the petition on November 16, 2006. (Doc. 13, Exh. O.) Petitioner
23  did not file a petition for review in the Arizona Supreme Court.

24  A year-and-a-half later, on June 13, 2008, Petitioner filed a "Motion for Sentence
25  Correction." (Doc. 13, Exh. P.) In his motion, Petitioner cited the Arizona Court of
26  Appeals' 2007 opinion in State v. Gonzalez, 162 P.3d 650 (Ariz. Ct. App. 2007), holding that
27  A.R.S. § 13-604.01 did not allow a dangerous crimes against children enhancement for the
28  crime of attempted sexual conduct with a minor under the age of 12. (Doc. 13, Exh. P.)

- 3 -

1  Petitioner argued that he was thus illegally sentenced pursuant to A.R.S. § 13-604.01 on his
2  two convictions for attempted sexual conduct with a minor under 15.  (Doc. 13, Exh. P.)
3  Accordingly, he requested that his sentence be corrected to reflect the changes in the law, or
4  in the alternative, the state court treat his motion as a PCR petition and appoint counsel.
5  (Doc. 13, Exh. P.)  The state court treated Petitioner's motion as a successive PCR petition,
6  but denied Petitioner's request to appoint counsel.  (Doc. 13, Exh. Q.)

7        In its response, the State argued that the state court should summarily dismiss
8  Petitioner's petition because it was untimely and procedurally defaulted.  (Doc. 13, Exh. R.)
9  Specifically, the State argued that Petitioner's untimeliness could not be excused because
10 Gonzalez was not a significant change in the law applicable to Petitioner's sentences.  (Doc.
11 13, Exh. R.)  Alternatively, the State argued that Petitioner's "sentence correction" was not
12 warranted in light of the terms of the plea agreement.  (Doc. 13, Exh. R.)

13       On November 26, 2008, the state court granted Petitioner a hearing on his successive
14 petition and set an "informal telephonic conference."  (Doc. 13, Exh. T.)  At the conference,
15 the state court clarified that it had rejected the State's preclusion argument in its November
16 minute entry.  (Doc. 13, Exh. U.)  The State then noted that it intended to file a petition for
17 review from the order granting Petitioner a re-sentencing.[1]  (Doc. 13, Exh. U.)  The state
18 court granted the State time to do so, and also ordered that the State prepare and file a
19 presentence memorandum in the event the petition for review was denied.  (Doc. 13, Exh.
20 U.)

21       When the State failed to file a timely petition for review, Petitioner moved the state
22 court to "immediately remand" his case for re-sentencing.  (Doc. 13, Exh. V.)  In response,
23 the State moved to stay Petitioner's PCR proceedings, noting that the case of State v. Shrum,
24 CR 08-0312 PR, was pending before the Arizona Supreme Court, and its decision would be

---

[1] It is unclear from the record when the state court granted Petitioner's resentencing. The only applicable order in the record is the state court's November 26, 2008 minute entry granting a hearing and setting the telephonic status conference to determine the procedural course of the proceedings. (Doc. 13, Exh. T.)

- 4 -

1  dispositive on the issue raised in Petitioner's successive PCR petition. (Doc. 13, Exh. W.)
2  The State noted that Petitioner would not be prejudiced by the delay because he was serving
3  a legally imposed 20-year prison term for his sexual conduct with a minor conviction. (Doc.
4  13, Exh. W.) On March 17, 2009, the state court granted the State's motion, noting that the
5  Shrum case would be dispositive of the preclusion issue. (Doc. 13, Exh. Y.)

6        On March 19, 2009, the Arizona Supreme Court issued its opinion in State v. Shrum,
7  203 P.3d 1175 (Ariz. 2009) (holding that Gonzalez was not a Rule 32.1 "significant change
8  in the law"), and Petitioner again moved the state court to remand his case. (Doc. 13, Exh.
9  Z.) Petitioner argued that the opinion in Shrum did not disturb the state court's decision to
10 grant him relief because it only found that Gonzalez was not a significant change in the law.
11 (Doc. 13, Exh. Z.) He claimed that it did not disturb the proposition that a challenge to an
12 illegal sentence is immune as set forth in State v. Vargas-Burgos, 783 P.2d 264 (Ariz. Ct.
13 App. 1989), and State v. Thues, 54 P.3d 368 (Ariz. Ct. App. 2002). (Doc. 13, Exh. Z.) As
14 a result, he requested the state court remand his case for re-sentencing. (Doc. 13, Exh. Z.)

15       On June 10, 2009, the state court, citing Shrum, dismissed Petitioner's successive
16 PCR petition. (Doc. 13, Exh. CC.)

17       On July 1, 2009, Petitioner filed a timely petition for review in the Arizona Court of
18 Appeals. (Doc. 13, Exh. DD.) In his petition, he again argued that he had been illegally
19 sentenced pursuant to Gonzalez, and the state court abused its discretion when it dismissed
20 his PCR petition based on the misapplication of Shrum. (Doc. 13, Exh. DD.) The Court of
21 Appeals denied review of the petition on August 25, 2010. (Doc. 13, Exh. GG.)

22       Petitioner filed a timely petition for review in the Arizona Supreme Court on
23 September 16, 2010, asserting the same sentencing argument. (Doc. 13, Exh. HH.) The
24 Arizona Supreme Court denied his petition on February 17, 2011. (Doc. 13, Exh. II.)

25       On May 23, 2011, Petitioner filed the instant habeas petition, arguing that his Due
26 Process and Equal Protection rights have been violated by the failure of the state court to re-
27 sentence him following a change in controlling state law. (Doc. 13, Exh. JJ.)

28

**DISCUSSION**

In their Answer, Respondents contend that the claim set forth in Petitioner's habeas petition is not cognizable on habeas review. Alternatively, Respondents argue that the habeas petition is untimely.

A state prisoner is eligible for habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well established that federal habeas relief is not available for errors of state law. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). A federal habeas court cannot "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, federal habeas relief is not available to "redress alleged procedural errors in state post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); see Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998) (holding that federal habeas courts lack jurisdiction to review state court applications of state procedural rules, including specifically Rule 32.2, Ariz.R.Crim.P.). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

In his habeas petition, Petitioner argues that his Due Process and Equal Protection rights were violated when the state court, following a change in controlling state law, failed to correct his illegally imposed sentenced under A.R.S. § 13-604.01. Petitioner relies on the Arizona Court of Appeals' opinion in State v. Gonzalez, holding that A.R.S. § 13-604.01 did not allow a dangerous crimes against children enhancement for the crime of attempted sexual conduct with a minor under the age of 12. Petitioner contends that he was, thus, illegally sentenced pursuant to A.R.S. § 13-604.01 on his two convictions for attempted sexual conduct with a minor under 15.

In Gonzalez, the Arizona Court of Appeals held that the enhanced sentencing statute for dangerous crimes against children under which Gonzalez was sentenced did not apply to attempted sexual conduct with a minor under the age of twelve. The court ruled that despite what was likely an oversight by the state legislature, it was bound to follow the plain

1 language of the statute, which did not encompass attempted sexual conduct with a victim
2 under twelve. See Gonzalez, 162 P.3d at 652-53. The court, therefore, concluded that the
3 7.5-year sentence imposed against Gonzalez for attempted sexual conduct with a minor was
4 illegal, and it remanded the matter for resentencing. See id. at 654.

5     In the instant matter, after the state court granted Petitioner's successive PCR petition
6 in light of Gonzalez, but before remanding the case for re-sentencing, the State moved to stay
7 Petitioner's PCR proceedings, noting that the case of State v. Shrum was pending before the
8 Arizona Supreme Court, and its decision would be dispositive on the issue raised in
9 Petitioner's successive petition. On March 17, 2009, the state court granted the State's
10 motion to stay pending the Supreme Court's decision in Shrum.

11     In Shrum, issued on March 19, 2009, the court held that Gonzalez was not a
12 "significant change in the law" under the Arizona Rules of Criminal Procedure governing
13 petitions for post-conviction relief. See Shrum, 203 P.3d at 1180. The court determined that
14 Gonzalez was simply the first appellate opinion on whether the enhanced sentencing statute
15 applied to attempted sexual conduct with a minor under twelve. See id. at 1179-80.
16 Gonzalez did not "rest on a changed interpretation of Arizona constitutional law," nor did
17 it "purport to overrule any prior opinion." Id. at 1179. As a result, the court ruled that
18 Shrum's second petition for post-conviction relief in which he sought relief pursuant to
19 Gonzalez was precluded under Arizona post-conviction relief rules. See id. at 1180.

20     The procedural background of Petitioner's case is similar to Shrum's. Like Shrum,
21 Petitioner pled guilty to attempted sexual conduct with a minor who was under age twelve,
22 was sentenced to prison under the dangerous crimes against children statute, and failed to
23 raise an illegal sentencing claim in his first post-conviction proceedings before filing a
24 second petition years later. As a result, when the state court reconsidered Petitioner's case
25 in light of Shrum, it summarily dismissed Petitioner's successive petition citing Shrum.

26     Despite Petitioner's characterizations of his claim as a federal constitutional violation,
27 the claim turns solely on alleged state law errors. The gravamen of Petitioner's claim
28

1 challenges the state court's interpretation and application of state sentencing statutes, and the
2 propriety of Petitioner's post-conviction proceedings.

3       Based on Shrum, the state courts determined that Petitioner was precluded under the
4 state rules of criminal procedure from raising an unlawful sentence claim in his second
5 petition for post-conviction relief. Nothing about that determination implicates the Federal
6 Constitution and Petitioner has failed to demonstrate otherwise. Rather, his claim challenges
7 state law determinations on issues of state law and accordingly is not cognizable on federal
8 habeas review.

9       Even if Petitioner's claim had a constitutional component, this Court would
10 nevertheless recommend that the habeas petition be denied as untimely under the
11 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes
12 a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
13 See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

23       An "of-right" petition for post-conviction review under Arizona Rule of Criminal
24 Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct
25 review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481
26 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the
27 conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
28 such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, ––– U.S. –––, –––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his

way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

Petitioner pled guilty and was sentenced on February 11, 2005. Petitioner was, thus, entitled to a Rule 32 "of-right" post-conviction relief proceeding, and the conclusion of that proceeding marked the finality of his state court conviction. See Summers, 481 F.3d at 711; Ariz.R.Crim.P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

Petitioner timely filed his first PCR petition and corresponding petition for review related to its denial. The Arizona Court of Appeals summarily denied his petition for review on November 16, 2006. Petitioner's state court conviction thus became final on December 18, 2006, 30 days after the Arizona Court of Appeals denied his petition for review.[2] See Ariz.R.Crim.P. 31.19(a) (establishing 30-day time limit for filing petition for review from court of appeals decision). The limitation period began to run the following day on December 19, 2006, and expired one year later on December 19, 2007. Petitioner did not file his habeas petition until May 23, 2011 – over 3 years after the limitations period expired.

Petitioner's commencement of a successive PCR proceeding on June 13, 2008, did not toll or re-start the limitations period because the period had already expired. See Ferguson, 321 F.3d at 823 ("Like the Eleventh Circuit, we hold that section 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed."); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (finding federal habeas petitioner's filing of state post-conviction relief petition took place "well after the AEDPA statute of limitations ended" and thus "resulted in absolute time bar to refiling [his

---

[2] Because the 30-day time limit expired on a Saturday, Petitioner's conviction became final on the following Monday – 32 days after the Court of Appeals denied his petition for review.

- 10 -

1  federal habeas petition] after his state claims were exhausted"). Thus, absent any equitable
2  tolling, Petitioner's habeas petition is untimely.

3  The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
4  tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
5  States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
6  grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
7  Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
8  make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,
9  1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
10 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When
11 external forces, rather than a petitioner's lack of diligence, account for the failure to file a
12 timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
13 Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
14 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
15 extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
16 establish a "causal connection" between the extraordinary circumstance and his failure to file
17 a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
18 2007).

19 Petitioner suggests that his untimeliness should be excused because the claim raised
20 in his untimely successive PCR petition, and raises now in the instant habeas petition, was
21 "so novel that its legal basis [was] not reasonably available to counsel." Consequently, he
22 suggests that he is prejudiced by the resulting illegal sentence.

23 The Court first notes that, although "the law was not changed in any way by
24 *Gonzalez*," Shrum, 203 P.3d at 1179, Section 2244(d)(1) does not include changes relating
25 to state law as a reason for delaying commencement of the limitations period. Moreover, the
26 AEDPA statute of limitations begins to run under section 2244(d)(1)(D) when the petitioner
27 became aware of the factual predicate of his claim, not when he learned the legal significance
28 of those facts. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (time begins to

1 run under the AEDPA when the petitioner knows, or through due diligence, could discover,
2 the important facts, not when the petitioner recognizes their legal significance). Petitioner
3 was aware of the factual predicate of his claim when he was sentenced on February 11, 2005.
4 That he may not have understood the legal significance of those facts until later when the
5 <u>Gonzalez</u> decision was issued does not delay commencement of the AEDPA statute of
6 limitations under section 2244(d)(1)(D). <u>See id.</u> Any purported lack of legal sophistication
7 regarding the legal significance of those facts do not justify equitable tolling on the instant
8 record. <u>See Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>see also Pham v. Ryan</u>,
9 2010 WL 4393012, *3 (D.Ariz. October 29, 2010) (petitioner was not entitled to equitable
10 tolling based on the <u>Gonzalez</u> decision because he was aware of the factual predicate of his
11 claims when he was sentenced); <u>Martin v. Clay</u>, 2008 WL 4911329, *4 (E.D. Cal. November
12 13, 2008) ("the fact that Petitioner did not discover a potential legal theory until after the
13 one-year period expired is not grounds for equitable tolling").

## CONCLUSION

15 Having determined that Petitioner's claim set forth in his Petition for Writ of Habeas
16 Corpus is not cognizable on habeas review, and that Petitioner's habeas petition is untimely,
17 the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be
18 denied and dismissed with prejudice.

19 **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
20 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
21 **PREJUDICE**;

22 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
23 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
24 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
25 debatable.

26 This recommendation is not an order that is immediately appealable to the Ninth
27 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
28 Appellate Procedure, should not be filed until entry of the district court's judgment. The

1 parties shall have fourteen days from the date of service of a copy of this recommendation
2 within which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1);
3 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
4 days within which to file a response to the objections. Failure timely to file objections to the
5 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
6 and Recommendation by the district court without further review. <u>See</u> <u>United States v.</u>
7 <u>Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
8 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
9 to appellate review of the findings of fact in an order or judgment entered pursuant to the
10 Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

11     DATED this 28th day of October, 2011.

*[signature]*

Michelle H. Burns
United States Magistrate Judge

- 13 -