**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Charles Snow, Jr., | ) No. CV-11-1023-PHX-GMS |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Defendants. | ) |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Larry Charles Snow. (Doc. 1). Magistrate Judge Michelle Burns has issued a Report and Recommendation ("R & R") in which she recommends that the Court deny the petition with prejudice. (Doc. 16). Petitioner has objected to the R & R and filed a Motion for a Certificate of Appealability. (Docs. 21, 22). Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R & R, denies the petition, and declines to issue a certificate of appealability.

**BACKGROUND**

The facts regarding Petitioner's apprehension, plea, and state court post-conviction proceedings are ably set forth in the R & R, and will only be briefly summarized here. On March 10, Petitioner was indicted on nineteen counts of sexual conduct with a minor, child molestation, sexual abuse, and related offenses. (Doc. 13-1, Ex. B). The indictment stemmed

from an investigation conducted by the Phoenix Police Department after it had been contacted by the FBI. The FBI had received information from a person in London that Petitioner, under the internet pseudonym "Greenhorn," had boasted of molesting his six-year old stepdaughter, had stated that he had married the girl's mother to obtain ready access to the child, and had offered access to the girl to other child predators should they travel to Phoenix. (Doc. 13–2, Ex. N, Ex. B at 18–20). The girl was interviewed and described substantial abuse, and Petitioner admitted to abusing the girl for over a year. (Doc. 13-1, Ex. A).

On May 6, 2004, Petitioner pled guilty to two amended counts of attempted sexual conduct with a minor under the age of 15, which were categorized as class 3 felonies and dangerous crimes against children in the second degree (Count Four and Count Seven), and one count of sexual conduct with a minor under the age of 15, classified as a class 2 felony and a dangerous crime against children in the first degree (Count Five). (Doc. 13-1, Ex. D). On February 11, 2005, he was issued a ten-year sentence on Count Four and a twenty-year sentence on Count Five, to run consecutively, and 99 years probation for Count Seven. (Doc. 13-1, Ex. F).

After his appointed counsel stated that he could find no colorable claim for post-conviction relief ("PCR"), Petitioner filed a *pro per* PCR petition claiming that the state had failed to provide the name of the London informant, that his plea was involuntary, that his counsel was ineffective during plea negotiations and sentencing, and that his sentence had been aggravated in violation of *Blakely v. Washington*, 542 U.S. 296 (2004) because the content of the internet chats that formed the basis of the investigation had not been found by a jury. (Doc. 13, Ex. J). The petition was denied on December 20, 2005, and the Court of Appeals denied review on November 16, 2006. (Doc. 13-2, Exs. M, O).

Eighteen months later, Petitioner filed a "Motion for Sentence Correction," asking that his sentence be modified in light of *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007), which held that A.R.S. § 13-604.01, the law undergirding Count Four and Count

- 2 -

Seven, did not provide for a sentencing enhancement for attempted sexual conduct when the victim was under the age of twelve. (Doc. 13, Ex. P). The court treated the petition as a successive PCR petition, and after a response from the state and a telephonic hearing, ruled that Petitioner was not precluded from bringing a successive claim. (Doc. 13, Ex. U). The State moved to stay resentencing until the Arizona Supreme Court had ruled on a pending case that would decide whether *Gonzalez* had created a "significant change in the law" for the purposes of Arizona Rule of Criminal Procedure 32.1, and therefore would resolve the question of whether subsequent petitions based on *Gonzalez* were precluded. (Doc. 13, Ex. W). The Court granted the stay, and on March 19, 2009, the Arizona Supreme Court ruled that the appeals court in *Gonzalez* did not create a significant change in the law, but was merely "the first to interpret a statute." *State v. Shrum*, 220 Ariz. 115, 120, 203 P.3d 1175, 1180 (2009). The trial court thereafter ruled that Petitioner's subsequent *Gonzalez*-based PCR was precluded because he had not raised the issue in his initial PCR. (Doc. 13-3, Ex. CCC). Both the Court of Appeals and the Arizona Supreme Court denied review. (Doc. 13-3, Exs. GG, II).

Petitioner filed his Petition for Writ of Habeas Corpus on May 23, 2011, alleging that his sentence had been issued in violation of *Gonzalez*, and that the error constituted a violation of his rights to Due Process and Equal Protection. (Doc. 1).

In the R & R, Judge Burns wrote that Petitioner's claim was not cognizable on habeas review because "[t]he gravamen of Petitioner's claim challenges the state court's interpretation and application of state sentencing statutes, and the propriety of Petitioner's post-conviction proceedings." (Doc. 16 at 7–8). Further, Judge Burns noted that even were the petition cognizable, it was not timely under AEDPA, and equitable tolling was not available because Petitioner had been aware of the facts regarding his sentence on February 11, 2005, and "[a]ny purported lack of legal sophistication regarding the legal significance of those facts does not justify equitable tolling on the instant record." (Doc. 16 at 12, *citing Pham v. Ryan*, CV-09-2535 (FJM), 2010 WL 4393012 (D. Ariz. Oct. 29, 2010) (denying

- 3 -

equitable tolling to a petitioner claiming that he could not have brought his claim before he learned of the *Gonzalez* decision)).

Petitioner lodged three objections to the R & R.[1] They are: 1) his successive PCR in state court was based not on the claim that *Gonzalez* was a "significant change in the law" under ARIZ. R. CRIM. P. 32(1)(g), but instead on the theory that when he was told of the decision it constituted a "[n]ewly discovered material fact[]" under ARIZ. R. CRIM. P. 32(1)(e). (Doc. 21 at 2); 2) his petition does not rest on questions of state law, because he claims that the errors in his state sentencing were "of a constitutional magnitude." (Doc. 21 at 3); and 3) the claim is not untimely, or alternately Petitioner is entitled to equitable tolling. (Doc. 21 at 5–8). These objections will be discussed in turn.

**DISCUSSION**

**I.    Legal Standard**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). The writ may be granted by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq.* (2006).

Under AEDPA, petitions for habeas corpus are governed by a one-year statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (AEDPA "establishes a 1-year statute of limitations for filing a federal habeas corpus petition") (citing 28 U.S.C. § 2244(d)(1)). The limitation period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. §

---

[1] Petitioner structures these objections as two objections with multiple sub-categories. For clarity, the Court will analyze them individually.

- 4 -

2244(d)(1)(A)). The limitations period is subject to statutory tolling under the terms of AEDPA or equitable tolling under extraordinary circumstances.

The one-year limitation period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C.§ 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999).

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *See Holland v. Florida*, 130 S. Ct. 2549, 2590 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent his timely filing. *Pace*, 544 U.S. at 418. Nevertheless, equitable tolling is rare: the Court must "take seriously Congress's desire to accelerate the federal habeas process" and may equitably toll the AEDPA's limitation period only when the test's "high hurdle is surmounted." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998).

**II.    Analysis**

Judge Burns's R & R properly concludes that the petition is untimely under AEDPA, since the statute of limitations began to run on December 18, 2006, thirty days after the Arizona Court of Appeals denied review of his first PCR petition. (Doc. 16 at 10). It further concludes that if the petition were timely, it would nevertheless be denied because "the claim turns solely on alleged state law errors." (Doc. 16 at 7). The Court has reviewed the petition de novo and determined that these conclusions are correct. Only Petitioner's objections will be discussed in this order.

**A.    Arizona Rule 32.1**

When a prisoner files a petition for Post-Conviction Relief in Arizona State Court, he waives any claim that he could have raised but did not, and cannot raise that claim in a

1  subsequent collateral proceeding. ARIZ. R. CRIM. P. 32.2(a)(3). This general rule admits to
2  number of exceptions, including subsequent petitions predicated upon discovery of new
3  evidence pursuant to Rule 32.1(e) or significant changes in the law pursuant to Rule 32.1(g).
4  ARIZ. R. CRIM. P. 32.2(b). Evidence is "newly-discovered" for the purposes of Rule 32.1
5  when the following five requirements are met:

> 1. the evidence must appear on its face to have existed at the time of trial but be discovered after trial;
> 2. the motion must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;
> 3. the evidence must not simply be cumulative or impeaching;
> 4. the evidence must be relevant to the case;
> 5. the evidence must be such that it would likely have altered the verdict, finding or sentence if known at the time of trial.

*State v. Cooper*, 166 Ariz. 126, 129, 800 P.2d 992, 995 (App. 1990) (quoting *State v. Bilke*, 162 Ariz. 51, 52–53, 781 P.2d 28, 29–30 (1989)). The Court of Appeals decided *Gonzalez* in 2007, and therefore the fact that it had been decided could not have "existed at the time of trial," and cannot form the basis for a claim under Rule 32.1(e). *Id.* More generally, court opinions are simply not newly-discovered material facts, since they are by definition decisions of law. Petitioner may not gain relief by mischaracterizing a legal claim as a factual one once the legal claim has been denied. Petitioner's subsequent PCR was not rendered timely through Rule 32.1(e).

### B. Constitutional Violation

Petitioner argues that the R & R improperly misconstrues his petition as resting solely on state law grounds when in fact he claims that he was denied due process rights under the Fourteenth Amendment. (Doc. 21 at 3). He argues that "due process demands that Snow be sentenced properly," and that sentencing "pursuant to the wrong statute constitutes a structural defect" under *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993). (Doc. 21 at 4). The Arizona procedural rules that precluded Petitioner's subsequent claim comply with Due Process, and his sentence did not constitute a structural constitutional defect. Habeas review is not available for state claims denied on procedural grounds when the state law ground is

- 6 -

"independent of the federal question and adequate to support the judgment." *Walker v. Martin*,131 S.Ct. 1120, 1127 (2011) (internal quotations omitted).[2] The Supreme Court has held that Arizona's rule barring subsequent PCR petitions does not violate federal law and such claims are not subject to federal review. *See Stewart v. Smith*, 536 U.S. 856, 861 (2002) ("Because the state court's determination that respondent waived his . . . claim under Ariz. Rule Crim. Proc. 32.2(a)(3) did not require an examination of the merits of that claim, it was independent of federal law."). The Court in *Brecht* described "structural defects" as constitutional failings—such as the failure to provide a defendant with counsel—that "make a trial fundamentally unfair even if they do not affect the outcome of the proceeding." *Brecht*, 507 U.S. at 640. Having a PCR petition denied on a valid state procedural ground does not create such a defect. Petitioner has not raised a federal claim, and habeas review would not be available even were his claim timely.

**C.    Equitable Tolling**

Petitioner claims that his petition is not untimely under AEDPA because his subsequent state PCR was improperly denied. (Doc. 21 at 5). As discussed above, AEDPA's statute of limitations began to run thirty days after the expiration of Petitioner's first PCR; filing a subsequent state PCR did not reset or toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner argues that his case should be equitably tolled because "Snow *did not know* about the facts of DCAC in connection with his charge." (Doc. 21 at 7) (emphasis added). The "fact" that Petitioner claims he did not know was the decision of the *Gonzalez* court

---

[2] Petitioner quotes *Martin* as holding that "[Arizona's] time bar, either by design or operation, discriminates against federal claims or claimants." (Doc. 21 at 8). *Martin* did not involve Arizona's time bar; in it, the Court upheld California's procedural time bar even though the bar did not set a particular time limit on filing claims but stated only that they should be filed "as promptly as the circumstances allow." 131 S.Ct. at 1126. Moreover, Petitioner selectively quotes the passage to distort its meaning; the full quote reads: "Martin has not alleged that California's time bar, either by design or operation, discriminates against federal claims or claimants." *Id.* at 1125..

issued in 2007. The *Gonzalez* court noted that its interpretation of the statute was not novel—in fact, the statute offered no textual support for punishing those who attempted sexual assaults against children under twelve, because of what "appears to have been legislative oversight." *Gonzalez*, 216 Ariz. at 14. Failing to note the plain text of a statute does not provide the basis for equitable tolling when a petitioner knows the underlying facts of the acts for which he was convicted. *See Pham v. Ryan*, CV-09-2535 (FJM), 2010 WL 4393012 (D. Ariz. Oct. 29, 2010) (denying equitable tolling for a habeas claim filed based on the denial of a second state PCR alleging that petitioner was sentenced in violation of *Gonzalez*). After the *Gonzalez* decision was rendered, the Arizona legislature revised the sentencing statute to correct the error that the court had noted. *See* A.R.S. § 13-705(B).

Nor do Petitioner's other arguments merit equitable tolling. A claim based on the plain language of a state sentencing statute is not one in which "there was no reasonable basis in existing law." *Reed v. Ross*, 468 U.S. 1, 15 (1984).[3] Petitioner was not prevented from including a *Gonzalez*-style claim in his first state PCR, and this case simply does not present the "extraordinary circumstances sufficient to merit equitable relief." *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010). The petition was untimely filed, and Petitioner is not entitled to equitable tolling.

### D. Certificate of Appealability

A Certificate of Appealability ("COA") will issue when counts are dismissed on procedural grounds so long as "reasonable jurists could debate" whether the decision is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a decision issues on the merits, a COA will issue when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* No reasonable jurist could debate that the

---

[3] *Ross* was in fact a case in which the Court defined "cause" for failing to abide by a state procedural rule sufficient to overcome procedural default. *Ross*, 468 U.S. at 15. Petitioner cites it for the proposition that it will equitably toll his deadlines under AEDPA. Under neither circumstance does it offer Petitioner relief.

- 8 -

petition is untimely, and no reasonable jurist would find the Court's conclusion that Petitioner was raising a state law claim not cognizable on habeas review to be debatable or wrong. No COA will issue.

## CONCLUSION

The conclusions of the R & R are correct—Petitioner raises state law claims that are not cognizable on habeas review, and his petition is untimely. Petitioner's objections are meritless.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Burns' R&R (Doc. 16) is **accepted**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **denied and dismissed with prejudice**.

3. The Clerk of Court shall **terminate** this action.

4. Motion for Certificate of Appealability (Doc. 22) is denied. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 5th day of April, 2012.

G. Murray Snow
United States District Judge